NEIGER LLP
151 West 46th Street, 4th Floor
New York, New York 10036
Tel: 212.267.7342
Fax: 212.918.3427
Jonathan S. Bodner, Esq. (JB-2399)

*Attorney(s) for Plaintiff*
*BOUNTY FRESH, LLC*

~~COURTESY COPY~~

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 15 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BOUNTY FRESH, LLC,

    Plaintiff,

vs.

J NY PRODUCE, INC., and CHANG Y. JOON,

    Defendants.

CV 12-2415

ORENSTEIN, M.J. BLOCK, J.

[~~PROPOSED~~] ORDER FOR
PRELIMINARY INJUNCTION

    This matter is before the Court upon Plaintiff BOUNTY FRESH, LLC's (hereinafter referred to as "BF" or "Plaintiff") Motion for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

    Plaintiff is a produce dealer and creditor of Defendants J NY PRODUCE, INC. ("JNY") and CHANG Y. JOON (hereinafter "Joon" or "Individual Defendant", and JNY and Joon collectively referred to herein as "Defendants") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c). Defendants have not paid $48,075.00 due to Plaintiff for produce purchased by Defendants as required by the PACA. Plaintiff also established to the Court's satisfaction that

1

Defendants are in severe financial jeopardy and the PACA Trust is being threatened with dissipation. Based upon the affidavits and certification of Plaintiff and Plaintiff's counsel, it appears that Defendants are not or may not be in a position to pay PACA creditors' claims.

The pleadings and supporting documents on file establish the Defendants either dissipated the PACA Trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, and affidavits ~~and testimony presented at an evidentiary hearing on~~ 8\8 ~~2012~~ at 11:30AM, it appears the Plaintiff will suffer immediate and irreparable injury due to Defendants' dissipation of the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.

Upon review of the Complaint of Plaintiff on file in the above-titled action, Plaintiff's *ex parte* application for injunctive relief, the declarations, exhibits and Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction and Plaintiff's Supplemental Memorandum of Points and Authorities and the exhibits attached there, all documents on file with the Court, ~~and following the hearing on~~ Aug 5 , 2012, at 11:30AM ~~which time all parties were present and given an opportunity to submit testimony and evidence~~, this Court has determined that Plaintiff has shown that absent an injunction, Plaintiff will suffer irreparable harm from the danger of dissipation of assets subject to PACA.

Further, Plaintiff, a valid PACA trust creditor, has demonstrated a likelihood of success on the merits. Therefore:

2

IT IS HEREBY ORDERED that Defendants, and each of them, be and hereby are preliminary enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following facts:

A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities and/or receipts of payment for such commodities sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

C. Taking any other action whatsoever which violates PACA.

IT IS FURTHER ORDERED that Defendants, their officers, directors, bankers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, shall within 24 hours after being served with this Order deposit into the trust account of Plaintiff's counsel, R. Jason Read, of Rynn & Janowsky, LLP, PACA Trust assets in the amount of at least $48.075.00, which is the amount of the PACA trust principal owing to Plaintiff, plus finance charges accrued through May 14, 2012, in the amount of $945.74, plus reasonable attorney's fees in the amount of $4,542.50, plus filing fees of $350.00, for a total distribution of $53,913.24. Plaintiff's counsel is ordered to hold these monies for the benefit of Plaintiff.

IT IS FURTHER ORDERED that during the pendency of this action, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing PACA trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, including but not limited to Defendants' account number xxxxxx-0701 located at BBCN Bank, 485 Great Neck Rd., Great Neck, NY 11021, and any other accounts subsequently discovered to be standing in any Defendants' names.

IT IS FURTHER ORDERED that during the pendency of this action, Defendants and their counsel, agents, or representatives, shall be preliminary enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

D. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, including, but not limited to growing crops, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds, except in the necessary and ordinary course of business;

E. Taking any other action which dissipates Plaintiff's beneficiary interests in the trust assets.

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

4

G.    Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H.    Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiff for collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account. In Plaintiff's sole discretion, to the extent necessary to prevent loss of Defendants' inventory of perishable agricultural commodities through decay, over-ripening, spoliation or improper storage or handling; Plaintiff may immediately take possession of any such inventory and sell such inventory through a PACA licensed broker. The proceeds of any such sales shall be held in trust by Plaintiff's counsel pending further order of this court. Any broker retained by Plaintiff or Plaintiff's counsel to effectuate such sales may retain a brokerage commission in an amount reasonable and customary in the produce industry.

I.    Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of growing crops, and shall deliver said assets within 48 hours of

5

Defendants' receipt of them to Plaintiff's counsel as set forth above. Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

IT IS FURTHER ORDERED that during the pendency of this action, and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order. Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow inspection and copying of the books and records of said Defendants by Plaintiff or its representatives at Defendants' place of business.

IT IS FURTHER ORDERED that during the pendency of this action, Plaintiff shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books which Plaintiff is entitled to inspect under this Order, the trust assets or any of Defendants' assets, and/or Defendants'

6

business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that BBCN Bank release information about the above-described accounts including the amounts contained in the accounts.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiff before the Preliminary Injunction is effective.

DATED: May 21, 2012

s/ Judge Frederic Block
_____
U.S. DISTRICT COURT JUDGE